UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

LATA MEHTA, individually, and
on behalf of all persons similarly situated,

    *Plaintiff,*

-v-

TOYOTA MOTOR NORTH AMERICA,
INC., a foreign corporation, and TOYOTA
MOTOR SALES, U.S.A., INC., a foreign
corporation,

    *Defendants.*

CASE NO.: 4:10cv35-RH/WCS

_____/

## COMPLAINT

    LATA MEHTA (hereinafter "Plaintiff"), individually, and on behalf of all persons similarly situated (the "Proposed Class") hereby sues TOYOTA MOTOR NORTH AMERICA, INC., and TOYOTA MOTOR SALES, U.S.A., INC., (hereinafter "Defendants"), and states as follows:

## PARTIES, JURISDICTION AND VENUE

1    Plaintiff is, and at all times material was, a resident of Boynton Beach, Florida who purchased a 2009 Toyota Camry, manufactured, marketed and/or sold by the Defendant.

2    TOYOTA MOTOR NORTH AMERICA, INC., is, and at all times material was, a California corporation with its principal place of business located at 19001 South Western Avenue, Torrance, California 90501.

3    TOYOTA MOTOR SALES, U.S.A., INC., is, and at all times material was, a foreign corporation with its principal place of business located at 19001 South Western Avenue, Torrance, California 90501.

4    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(d).

1

5        Venue is proper in Florida under 28 U.S.C. § 1391 because Defendants
         TOYOTA MOTOR NORTH AMERICA, INC.'s, and TOYOTA MOTOR
         SALES, U.S.A., INC.'s,  resident agent resides there.

## GENERAL ALLEGATIONS

6        Defendant TOYOTA MOTOR NORTH AMERICA, INC., manufactures,
         markets and/or sells the following non-exclusive list of automotive vehicles:
         2009-2010 RAV4, 2009-2010 Corolla, 2009-2010 Matrix, 2005-2010 Avalon,
         2007-2010 Camry, 2010 Highlander, 2007-2010 Tundra, and 2008-2010
         Sequoia.

7        Defendant TOYOTA MOTOR SALES, U.S.A., INC., manufactures, markets
         and/or sells the following non-exclusive list of automotive vehicles: 2009-
         2010 RAV4, 2009-2010 Corolla, 2009-2010 Matrix, 2005-2010 Avalon,
         2007-2010 Camry, 2010 Highlander, 2007-2010 Tundra, and 2008-2010
         Sequoia.

8        On January 21, 2010 Defendant's announced it would recall approximately
         2.3 million vehicles to correct sticking accelerator pedals on specific Toyota
         Division models.   That action is separate from the on-going recall of
         approximately 4.2 million Toyota and Lexus vehicles to reduce the risk of
         pedal entrapment by incorrect or out of place accessory floor mats.
         Approximately 1.7 million Toyota Division vehicles are subject to both
         separate recall actions. *See* http://pressroom.toyota.com/pr/tms/toyota/toyota-
         files-voluntary-safety-152979.aspx.

9        In 2009, Defendants, reported that it sold 113,984 total cars of which 76,739
         accounted for domestic car sales.  In addition, Toyota Motor Sales, U.S.A.,
         Inc., reported that is sold 73,876 total light trucks of which  49,608 accounted
         for        domestic        light        truck        sales.        *See*
         http://online.wsj.com/mdc/public/page/2_3022-autosales.html.

10       In a recent press release regarding the safety recall of the 2.3 million vehicles
         affected by the sticking accelerator, Defendant's Vice President Irv Miller
         stated "our investigation indicates that there is a possibility that certain
         accelerator pedal mechanisms may, mechanically stick in a partially depressed
         position    or    return    slowly    to    the    idle    position."    *See*
         http://pressroom.toyota.com/pr/tms/toyota/toyota-files-voluntary-safety-
         152979.aspx.

11       The sticking accelerator condition can occur making the accelerator pedal

                                                                                    2

harder to depress, slower to return or, in the worst case, stuck in a partially depressed position leading to injury and/or death. Defendant has stated it is working quickly to prepare the correction remedy.

12      As a result, Florida and National purchasers of Toyota automotive vehicles manufactured by the Defendants, paid more than they would have for the product, and have been harmed as a result of the diminished value of the vehicles purchased.

13      Defendants had knowledge of a design defect regarding the accelerator pedal as early as 2007, but withheld publication of the data results for almost three years. Meanwhile, despite knowledge of the data, Defendants continued to manufacture, market and/or sell automotive vehicles affected with said defect.

14      In September 2007, Toyota recalled an accessory all-weather floor mat sold for use in some 2007 and 2008 model year Lexus ES 350 and Toyota Camry vehicles because of similar problems, thereby proving that Defendant's had knowledge since at least 2007 of this safety problem affecting the previously listed automotive vehicles.

## CLASS REPRESENTATION ALLEGATIONS

15      Plaintiff re-alleges paragraphs 1 through 14 and further states:

16      Plaintiff brings this action pursuant to Rule 23, Fed.R.Civ.P., on behalf of the Proposed Class, which is defined herein.

17      Membership in the Proposed Class is so numerous as to make it impractical to bring all of the Proposed Class members before the Court. The exact number and identity of the Proposed Class is unknown; however, Plaintiff believes that there are millions of persons in the Proposed Class. Plaintiff is a member of the Proposed Class.

18      There are numerous and substantial questions of law and fact common to the Proposed Class which control this litigation, and which predominate over any individual issues. Included within the common questions are:

18.1        whether Defendants had knowledge of the design defect prior to its issuance of the current safety recall affecting 2.3 million vehicles;

18.2        whether Defendants concealed the design defect affecting the following models of automotive vehicles: 2009-2010 RAV4, 2009-

3

2010 Corolla, 2009-2010 Matrix, 2005-2010 Avalon, 2007-2010 Camry, 2010 Highlander, 2007-2010 Tundra, and 2008-2010 Sequoia;

18.3    whether Defendants misrepresented the safety of the automotive vehicles at issue;

18.4    whether Defendants actions or omissions with regard to the select models of vehicles violate various state consumer protection statutes;

18.5    whether Defendants warranted the vehicles for a particular purpose for which they are unfit or ineffective;

18.6    whether Plaintiff and the Proposed Class conferred non-gratuitous benefits on Defendants in the absence of a contract;

18.7    whether Defendants retained such non-gratuitous benefits from Plaintiffs;

18.8    whether Defendants maintenance of such non-gratuitous benefits is unjust or inequitable;

18.9    whether Plaintiff and the Proposed Class are entitled to damages, restitution, equitable relief and other relief;

18.10   the amount and nature of such relief to be awarded to Plaintiff and the Proposed Class;

19      Plaintiff's claims are typical of the claims of the Proposed Class, and Plaintiff has no interest adverse to the interests of the members of the Proposed Class.

20      Plaintiff will fairly and adequately protect the interests of the Proposed Class and has retained counsel experienced and competent in the prosecution of class actions and complex litigation.  Plaintiff is willing to appear at depositions, assist counsel in the prosecution of the action and subserve her own interests for those of the Class.  Plaintiff will give complete support to the vigorous prosecution of the entire Proposed Class' claims.

21      Adjudications with respect to individual members of the Proposed Class would, as a practical matter, be dispositive of the interests of other members of the Proposed Class who are not parties to the adjudication and may impair and impede their ability to protect their interests.

4

22             A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Absent a class action, the Proposed Class will continue to suffer damages and Defendants' violations of law will proceed without remedy.

23             As a result, Florida and National purchasers of Toyota automotive vehicles manufactured by the Defendants, paid more than they would have for the product, and have been harmed as a result of the diminished value of the vehicles purchased.

23.1          Most individual members of the Proposed Class have little ability to prosecute an individual action, due to the complexity of the issues involved in this litigation, the significant costs attendant to litigation on this scale, and the comparatively small, although significant, damages suffered by individual members of the Proposed Class.

23.2          This action will result in the orderly and expeditious administration of the Proposed Class members' claims, economies of time, effort and expense will be fostered, and uniformity of decisions will be ensured.

## COUNT I -- CONSUMER PROTECTION
### (violations of state consumer protection statutes)

24             Plaintiff re-alleges paragraphs 1 through 23 and further states:

25             Plaintiff is a consumer who purchased an affected automotive vehicle from Defendants for personal purposes.

26             Defendants had a statutory duty to refrain from unfair or deceptive acts or practices in the manufacture, marketing and/or sale of the affected automotive vehicles to Plaintiff and the proposed class members.

27             Defendants violated this duty by misrepresenting the characteristics, uses, benefits, quality and usefulness of the affected automotive vehicles by concealing the statistically insignificant differences betw een vehicles built with the defective accelerator pedal as compared to those vehicles built with alternative accelerator pedals.

28             Plaintiff was directly and proximately injured by Defendant's conduct and would not have purchased Toyota automotive vehicles and/or paid as much for the vehicle had they known the true nature of the product.

29      Defendants' concealment, misrepresentations and material omissions to Plaintiff are unfair and deceptive acts and practices under Fla. Stat. § 501.201, *et seq.* and other states' consumer protection laws.

30      Defendant engaged in wrongful conduct while at the same time obtaining, under false pretenses, significant sums of money from Plaintiff.

31      As a proximate result of Defendants' misrepresentations and omissions, Plaintiff and the proposed class members have suffered ascertainable losses as a result of the diminished value of the Defendant's products and are entitled to relief, in an amount to be determined at trial.  Defendants' actions constitute unfair competition and/or unfair, unconscionable, deceptive or fraudulent acts or practices in violation of various additional state consumer protection statutes listed below:

31.1    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Ala. Code § 8 19 1, et seq.;

31.2    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Alaska Stat. Code § 40.50.471, et seq.;

31.3    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Ariz. Rev. Stat. § 44 1522, et seq.;

31.4    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Ark. Code § 4 88 101, et seq.;

31.5    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Cal. Bus & Prof. Code § 17070, et seq.;

31.6    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Colo. Rev. Stat. § 6 1 105, et seq.;

31.7    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Conn. Gen. Stat. § 42 110b, et seq.;

31.8    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of 6 Del. Code § 2511, et seq.;

31.9    Defendant has engaged in unfair competition or unfair or deceptive

6

acts or practices in violation of D.C. Code § 28 3901, et seq.;

31.10      Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Ga. Stat. § 10 1 392, et seq.;

31.11      Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Haw. Rev. Stat. § 480, et seq.;

31.12      Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Idaho Code § 48 601, et seq.;

31.13      Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of 815 ILCS § 505/1, et seq.;

31.14      Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Ind. Code Ann. § 24 5 0.5.1, et seq.;

31.15      Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Iowa Code § 714.1b, et seq.;

31.16      Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Kan. Stat. § 50 623, et seq.;

31.17      Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Ky. Rev. Stat. § 367.110, et seq.;

31.18      Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of La. Rev. Stat. § 51:1401, et seq.;

31.19      Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of 5 Me. Rev. Stat. § 207, et seq.;

31.20      Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Md. Com. Law Code § 13 101, et seq.;

31.21      Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Mass. Gen. L. Ch. 93A, et seq.;

31.22      Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Mich. Stat. § 445.901, et seq.;

31.23      Defendant has engaged in unfair competition or unfair or deceptive

7

acts or practices in violation of Minn. Stat. § 325F.67, et seq.;

31.24    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Miss. Code Ann. § 75 24 1, et seq.;

31.25    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Vernon's Mo. Rev. Stat. § 407.010, et seq.;

31.26    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Mont. Code § 30 14 101, et seq.;

31.27    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Neb. Rev. Stat. § 59 1601, et seq.;

31.28    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Nev. Rev. Stat. § 598.0903, et seq.;

31.29    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of N.H. Rev. Stat. § 358 A:1, et seq.;

31.30    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of N.J. Stat. Ann. § 56:8 1, et seq.;

31.31    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of N.M. Stat. Ann. § 57 12 1, et seq.;

31.32    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of N.Y. Gen. Bus. Law § 349, et seq.;

31.33    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of N.C. Gen. Stat. § 75 1.1, et seq.;

31.34    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of N.D. Cent. Code § 51 15 01, et seq.;

31.35    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Ohio Rev. Stat. § 1345.01, et seq.;

31.36    Defendant has engaged in unfair competition or unfair or deceptive acts or practices or representations in violation of Okla. Stat. tit. 15 § 751, et seq.;

31.37     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Or. Rev. Stat. § 646.605, et seq.;

31.38     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of 73 Pa. Stat. § 201 1, et seq.;

31.39     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of R.I. Gen. Laws. § 6 13.1 1, et seq.;

31.40     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of S.C. Code Laws § 39 5 10, et seq.;

31.41     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of S.D. Code Laws § 37 24 1, et seq.;

31.42     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Tenn. Code § 47 18 101, et seq.;

31.43     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Tex. Bus. & Com. Code § 17.41, et seq.;

31.44     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Utah Code Ann. § 13 1 1 1, et seq.;

31.45     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Vt. Stat. Ann. tit. 9, § 245 1, et seq.;

31.46     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Va. Code § 59.1 196, et seq.;

31.47     Defendant has engaged in unfair competition or unfair, deceptive acts or fraudulent acts or practices in violation of Wash. Rev. Code § 19.86.010, et seq.;

31.48     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of W. Va. Code § 46A 6 101, et seq.;

31.49     Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Wis. Stat. § 100.20, et seq.; and

31.50    Defendant has engaged in unfair competition or unfair or deceptive acts or practices in violation of Wyo. Stat. § 40 12 100, et seq.

32    Plaintiff and members of the proposed Class were injured by Defendants' conduct, which created artificial demand for Toyota automotive vehicles at a premium price. As a direct and proximate result of Defendants' unfair methods of competition and unfair or deceptive acts or practices, Plaintiff and the proposed Class have suffered actual economic loss by paying for Toyota vehicles at a premium price. In the absence of Defendants' conduct, Plaintiff would have purchased alternate brands of automotive vehicles available at significantly reduced cost.

33    Plaintiff and the proposed class members are entitled to actual damages, estimated at $1,000,000,000,000, or more, attorneys fees and costs pursuant to Fla. Stat. § 501.211(2).

## COUNT II - - BREACH OF WARRANTY

34    Plaintiff re-alleges paragraphs 1 through 23 and further alleges:

35    Defendants impliedly warranted that Toyota automotive vehicles were merchantable and fit for use for particular purposes.

36    Defendants' drugs were unfit for the particular purposes for which they were manufactured, marketed and/or sold.

37    As a direct and proximate result of Defendants' breach of the implied warranty of fitness for a particular purpose, Plaintiff has been damaged, estimated at $1,000,000,000,000, or more, as a result of the diminished value of the Defendant's products. Plaintiff is entitled to damages, including the purchase price of the models of vehicles they purchased that are affected by the instant safety recall, in addition to any costs associated with purchasing safer vehicles, incidental and consequential damages, and all other damages allowable under law. *See, e.g.*, Fla. Stat. §§ 672.711, 672.712, 672.714, 672.715, 672.721.

## COUNT III -- UNJUST ENRICHMENT

38    Plaintiff re-alleges paragraphs 1 through 23 and further states:

39    Count III is pled in the alternative to all contract-based causes of action.

10

41      Defendants failed to disclose the design defect of Toyota automotive vehicles to Plaintiff and Members of the Class either at the time of purchase or anytime thereafter.

42      During the class period, Plaintiff and Class Members conferred upon Defendants, without knowledge of the safety condition affecting select models, payment for these vehicles, which are benefits that were clearly non-gratuitous.

43      Defendants accepted or retained the non-gratuitous benefits conferred by Plaintiff and the Class Members despite their knowledge of the defects affected the select automotive vehicle models. Retaining the non-gratuitous benefits conferred upon Defendants by Plaintiff and the Class Members under these circumstances is unjust and inequitable.

44      Defendants' retention of the non-gratuitous benefits conferred by Plaintiff and the Class Members is unjust and inequitable, and Defendants should pay restitution in the manner established by the Court, in addition to any other equitable remedy the Court may choose to impose.

## COUNT IV -- PUNITIVE DAMAGES

45      Plaintiff re-alleges paragraphs 1 through 42 and further alleges:

46      Defendants intentionally pursued the above-described course of conduct despite their actual knowledge of the wrongfulness and high probability that Plaintiff would incur substantial monetary damages in selecting Toyota over alternate brands of automotive vehicles.

47      Defendants' above-described conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of all individuals that purchased the automotive vehicles affected, including Plaintiff.

48      Based on the foregoing, Plaintiff is entitled to punitive damages from Defendants, pursuant to Fla. Stat. § 768.72.

### DEMAND FOR TRIAL BY JURY

49        Plaintiff demands trial by jury.

Submitted this 29 day of January, 2010.

Tim Howard, Esq., J.D, Ph.D.
Northeastern University,
Boston, MA 02115
Howard & Associates, P.A.
John Rimes, Esq.
Florida Office
8511 Bull Headley Rd., Ste. 405
Tallahassee, FL 32312
850 298-4455 Office
Florida Bar No.: 0655325
ptim@aol.com , ti.howard@neu.edu
rimesjohn@aol.com

Norwood S. Wilner, Esq.
Florida Bar No: 222194
Stephanie Hartley, Esq.
Florida Bar No: 997846
Wilner, Hartley & Metcalf
3127 Atlantic Blvd., Ste. 3
Jacksonville, FL 32207
nwilner@wilnerblock.com
shartley@wilnerblock.com

Stephen A. Sheller, Esq.
Sheller, P.C.
Philadelphia Office
1528 Walnut Street, 3rd Floor
Philadelphia, PA 19102
215 790-7300 Office
sasheller@sheller.com

Edward A. Broderick, Esq.
The Law Office of Edward A. Broderick
727 Atlantic Avenue, Second Floor
Boston, MA 02111
617 738-7080 Office
617 680-0049 Cell
ted@broderick-law.com

James F. Haggerty, Esq.
The Law Offices of James F. Haggerty
80 Broad Street, 5th Floor
New York, NY 10004
jhaggerty@prcg.com

12

Richard A. Daynard, Esq., Ph.D.
360 Huntington Avenue
Boston, MA
617 373-2026 Office
r.daynard@neu.edu

Neil S. Sader, Esq.
The Sader Law Firm
4739 Belleview Avenue, Ste. 300
Kansas City, Missouri 64112-1364
816 561-1818
nsader@saderlawfirm.com

13