UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JIM HEIDENREICH, individually, and
on behalf of all persons similarly situated,

CASE NO.: 4:10-CV-35 RH-WCS

*Plaintiff,*

-v-

TOYOTA MOTOR NORTH AMERICA,
INC., a foreign corporation, and TOYOTA
MOTOR SALES, U.S.A., INC., a foreign
corporation,

*Defendants.*
_____/

## AMENDED COMPLAINT

JIM HEIDENREICH (hereinafter "Plaintiff"), individually, and on behalf of all persons similarly situated (the "Proposed Class") hereby sues TOYOTA MOTOR NORTH AMERICA, INC., and TOYOTA MOTOR SALES, U.S.A., INC., (hereinafter "Defendants"), and states as follows:

### PARTIES, JURISDICTION AND VENUE

1      Plaintiff is, and at all times material was, a resident of Tallahassee, Florida who purchased a 2007 Toyota Tundra, 2008 Toyota Prius, manufactured, marketed and/or sold by the Defendants.

2      TOYOTA MOTOR NORTH AMERICA, INC., is, and at all times material was, a California corporation with its principal place of business located at 19001 South Western Avenue, Torrance, California 90501.

3      TOYOTA MOTOR SALES, U.S.A., INC., is, and at all times material was, a foreign corporation with its principal place of business located at 19001 South Western Avenue, Torrance, California 90501.

4      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(d).

5      Venue is proper in Florida under 28 U.S.C. § 1391 because Defendants TOYOTA MOTOR NORTH AMERICA, INC.'s, and TOYOTA MOTOR SALES, U.S.A., INC.'s, resident agent resides there.

## GENERAL ALLEGATIONS

6    Defendant TOYOTA MOTOR NORTH AMERICA, INC., manufactures, markets and/or sells the following non-exclusive list of automotive vehicles: 2007-2010 Camry; 2009-2010 Corolla; 2005-2010 Avalon; 2004-2009 Prius; 2005-2010 Tacoma; 2007-2010 Tundra; 209-2010 RAV4; 2009-2010 Matrix; 2008-2010 Highlander; 2008-2010 Sequoia; 2009-2010 Venza; 2007-2010 Lexus ES350; 2006-2101 Lexus IS250 and IS350; 2009-2010 Pontiac Vibe.

7    Defendant TOYOTA MOTOR SALES, U.S.A., INC., manufactures, markets and/or sells the following non-exclusive list of automotive vehicles: 2009-2010 RAV4, 2009-2010 Corolla, 2009-2010 Matrix, 2005-2010 Avalon, 2007-2010 Camry, 2010 Highlander, 2007-2010 Tundra, and 2008-2010 Sequoia.

8    On January 21, 2010 Defendant's announced it would recall approximately 2.3 million vehicles to correct sticking accelerator pedals on specific Toyota Division models. That action is separate from the on-going September 29, 2009, NHTSA recall notice of approximately 4.2 million Toyota and Lexus vehicles to reduce the risk of pedal entrapment by incorrect or out of place accessory floor mats. Approximately 1.7 million Toyota Division vehicles are subject to both separate recall actions. *See* http://pressroom.toyota.com/pr/tms/toyota/toyota-files-voluntary-safety-152979.aspx.

9    In 2009, Defendants reported that they sold 1,770,149 cars and trucks, for a net income of $4.33 billion, and a market share of 18.2 percent. In 2008, Defendants report that they sold 2,217,662 cars and trucks. *See* http://online.wsj.com/mdc/public/page2_3022-autosales.html.

10    In a recent press release regarding the safety recall of the 2.3 million vehicles affected by the sticking accelerator, Defendant's Vice President Irv Miller stated "our investigation indicates that there is a possibility that certain accelerator pedal mechanisms may, mechanically stick in a partially depressed position or return slowly to the idle position." *See* http://pressroom.toyota.com/pr/tms/toyota/toyota-files-voluntary-safety-152979.aspx.

11    The sticking accelerator condition can occur making the accelerator pedal harder to depress, slower to return or, in the worst case, stuck in a partially depressed position leading to injury and/or death. Defendants have stated it is working quickly to prepare the correction remedy.

12    As a result, Florida and National purchasers of the Toyota automotive vehicles

2

|    |    |
|----|----|
|    | manufactured by the Defendants, listed in paragraph 6, paid more than they would have for the product, and have been harmed as a result of the diminished value of the vehicles purchased. *See Collins v. Daimerchrysler Corp.*, 894 So.2d 988 (Fla. 5th DCA 2004). |
| 13 | It is clear that a car with a potential defective acceleration pedal is worth less than one with no concern over potential defective acceleration pedal. In other words, consumers did not get what they bargained for. |
| 14 | The actual damages are the difference in the market value of the Toyota and Lexus vehicles in the condition in which it was delivered, namely defective, and the market value in the condition in which it was delivered according to the contract of the parties. |
| 15 | Defendants had knowledge of a design defect regarding the accelerator pedal as early as 2007, but withheld publication of the data results for almost three years. Meanwhile, despite knowledge of the data, Defendants continued to manufacture, market and/or sell automotive vehicles affected with said defect. |
| 16 | In September 2007, Toyota recalled an accessory all-weather floor mat sold for use in some 2007 and 2008 model year Lexus ES 350 and Toyota Camry vehicles because of similar problems, thereby proving that Defendant's had knowledge since at least 2007 of this safety problem affecting the previously listed automotive vehicles. |

## CLASS REPRESENTATION ALLEGATIONS

|    |    |
|----|----|
| 17 | Plaintiff re-alleges paragraphs 1 through 16 and further states: |
| 18 | Plaintiff brings this action pursuant to Rule 23, Fed.R.Civ.P., on behalf of the Proposed Class, which is defined herein. |
| 19 | Membership in the Proposed Class is so numerous as to make it impractical to bring all of the Proposed Class members before the Court. The exact number and identity of the Proposed Class is unknown; however, Plaintiff knows that there are millions of persons in the Proposed Class. Plaintiff is a member of the Proposed Class. |
| 20 | There are numerous and substantial questions of law and fact common to the Proposed Class which control this litigation, and which predominate over any individual issues. Included within the common questions are: |

20.1      whether Defendants had knowledge of the design defect prior to its issuance of the current safety recall affecting millions of vehicles;

21      whether Defendants concealed the design defect affecting the following models of automotive vehicles: 2007-2010 Camry; 2009-2010 Corolla; 2005-2010 Avalon; 2004-2009 Prius; 2005-2010 Tacoma; 2007-2010 Tundra; 209-2010 RAV4; 2009-2010 Matrix; 2008-2010 Highlander; 2008-2010 Sequoia; 2009-2010 Venza; 2007-2010 Lexus ES350; 2006-2101 Lexus IS250 and IS350; 2009-2010 Pontiac Vibe.

21.1      whether Defendants misrepresented the safety of the automotive vehicles at issue;

21.2      whether Defendants actions or omissions with regard to the select models of vehicles violate various state consumer protection statutes;

21.3      whether Defendants warranted the vehicles for a particular purpose for which they are unfit or ineffective;

21.4      whether Plaintiff and the Proposed Class conferred non-gratuitous benefits on Defendants in the absence of a contract;

21.5      whether Defendants retained such non-gratuitous benefits from Plaintiffs;

21.6      whether Defendants maintenance of such non-gratuitous benefits is unjust or inequitable;

21.7      whether Plaintiff and the Proposed Class are entitled to damages, restitution, equitable relief and other relief;

21.8      the amount and nature of such relief to be awarded to Plaintiff and the Proposed Class;

22      Plaintiff's claims are typical of the claims of the Proposed Class, and Plaintiff has no interest adverse to the interests of the members of the Proposed Class.

23      Plaintiff will fairly and adequately protect the interests of the Proposed Class and has retained counsel experienced and competent in the prosecution of class actions and complex litigation. Plaintiff is willing to appear at depositions, assist counsel in the prosecution of the action and subserve his own interests for those of the Class. Plaintiff will give complete support to the vigorous prosecution of the entire Proposed Class' claims.

24  Adjudications with respect to individual members of the Proposed Class would, as a practical matter, be dispositive of the interests of other members of the Proposed Class who are not parties to the adjudication and may impair and impede their ability to protect their interests.

25  A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Absent a class action, the Proposed Class will continue to suffer damages and Defendants' violations of law will proceed without remedy.

26  As a result, Florida and National purchasers of Toyota automotive vehicles manufactured by the Defendants, paid more than they would have for the product, and have been harmed as a result of the diminished value of the vehicles purchased.

26.1  Most individual members of the Proposed Class have little ability to prosecute an individual action, due to the complexity of the issues involved in this litigation, the significant costs attendant to litigation on this scale, and the comparatively small, although significant, damages suffered by individual members of the Proposed Class.

26.2  This action will result in the orderly and expeditious administration of the Proposed Class members' claims, economies of time, effort and expense will be fostered, and uniformity of decisions will be ensured.

## COUNT I -- CONSUMER PROTECTION
### (violations of state consumer protection statutes)

27  Plaintiff re-alleges paragraphs 1 through 26 and further states:

28  Plaintiff is a consumer who purchased an affected automotive vehicle from Defendants for personal purposes.

29  Defendants had a statutory duty to refrain from unfair or deceptive acts or practices in the manufacture, marketing and/or sale of the affected automotive vehicles to Plaintiff and the proposed class members.

30  Defendants violated this duty by misrepresenting the characteristics, uses, benefits, quality and usefulness of the affected automotive vehicles by concealing the statistically insignificant differences between vehicles built with the defective

|   |   |
|---|---|
|   | accelerator pedal as compared to those vehicles built with alternative accelerator pedals. |
| 31 | Plaintiff was directly and proximately injured by Defendants' conduct and would not have purchased Toyota automotive vehicles and/or paid as much for the vehicle had they known the true nature of the product. |
| 32 | Defendants' concealment, misrepresentations and material omissions to Plaintiff are unfair and deceptive acts and practices under Fla. Stat. § 501.201, *et seq.* and other states' consumer protection laws. |
| 33 | Defendant engaged in wrongful conduct while at the same time obtaining, under false pretenses, significant sums of money from Plaintiff. |
| 34 | As a proximate result of Defendants' misrepresentations and omissions, Plaintiff and the proposed class members have suffered ascertainable losses as a result of the diminished value of the Defendants' products and are entitled to relief, in an amount to be determined at trial. Defendants' actions constitute unfair competition and/or unfair, unconscionable, deceptive or fraudulent acts or practices in violation of various additional state consumer protection statutes listed below: |
| 34.1 | Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ala. Code § 8 19 1, et seq.; |
| 34.2 | Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Alaska Stat. Code § 40.50.471, et seq.; |
| 34.3 | Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ariz. Rev. Stat. § 44 1522, et seq.; |
| 34.4 | Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ark. Code § 4 88 101, et seq.; |
| 34.5 | Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Cal. Bus & Prof. Code § 17070, et seq.; |
| 34.6 | Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Colo. Rev. Stat. § 6 1 105, et seq.; |
| 34.7 | Defendants have engaged in unfair competition or unfair or deceptive acts |

|        | |
|--------|--|
|        | or practices in violation of Conn. Gen. Stat. § 42 110b, et seq.; |
| 34.8   | Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 6 Del. Code § 2511, et seq.; |
| 34.9   | Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of D.C. Code § 28 3901, et seq.; |
| 34.10  | Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ga. Stat. § 10 1 392, et seq.; |
| 34.11  | Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Haw. Rev. Stat. § 480, et seq.; |
| 34.12  | Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Idaho Code § 48 601, et seq.; |
| 34.13  | Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 815 ILCS § 505/1, et seq.; |
| 34.14  | Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ind. Code Ann. § 24 5 0.5.1, et seq.; |
| 34.15  | Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Iowa Code § 714.1b, et seq.; |
| 34.16  | Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Kan. Stat. § 50 623, et seq.; |
| 34.17  | Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ky. Rev. Stat. § 367.110, et seq.; |
| 34.18  | Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of La. Rev. Stat. § 51:1401, et seq.; |
| 34.19  | Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 5 Me. Rev. Stat. § 207, et seq.; |
| 34.20  | Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Md. Com. Law Code § 13 101, et seq.; |
| 34.21  | Defendants have engaged in unfair competition or unfair or deceptive acts |

or practices in violation of Mass. Gen. L. Ch. 93A, et seq.;

34.22   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Mich. Stat. § 445.901, et seq.;

34.23   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Minn. Stat. § 325F.67, et seq.;

34.24   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Miss. Code Ann. § 75 24 1, et seq.;

34.25   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Vernon's Mo. Rev. Stat. § 407.010, et seq.;

34.26   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Mont. Code § 30 14 101, et seq.;

34.27   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Neb. Rev. Stat. § 59 1601, et seq.;

34.28   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Nev. Rev. Stat. § 598.0903, et seq.;

34.29   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.H. Rev. Stat. § 358 A:1, et seq.;

34.30   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.J. Stat. Ann. § 56:8 1, et seq.;

34.31   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.M. Stat. Ann. § 57 12 1, et seq.;

34.32   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.Y. Gen. Bus. Law § 349, et seq.;

34.33   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.C. Gen. Stat. § 75 1.1, et seq.;

34.34   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.D. Cent. Code § 51 15 01, et seq.;

34.35   Defendants have engaged in unfair competition or unfair or deceptive acts

|  |  |
|---|---|
|  | or practices in violation of Ohio Rev. Stat. § 1345.01, et seq.; |
| 34.36 | Defendants have engaged in unfair competition or unfair or deceptive acts or practices or representations in violation of Okla. Stat. tit. 15 § 751, et seq.; |
| 34.37 | Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Or. Rev. Stat. § 646.605, et seq.; |
| 34.38 | Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 73 Pa. Stat. § 201 1, et seq.; |
| 34.39 | Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of R.I. Gen. Laws. § 6 13.1 1, et seq.; |
| 34.40 | Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of S.C. Code Laws § 39 5 10, et seq.; |
| 34.41 | Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of S.D. Code Laws § 37 24 1, et seq.; |
| 34.42 | Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Tenn. Code § 47 18 101, et seq.; |
| 34.43 | Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Tex. Bus. & Com. Code § 17.41, et seq.; |
| 34.44 | Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Utah Code Ann. § 13 1 1 1, et seq.; |
| 34.45 | Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Vt. Stat. Ann. tit. 9, § 245 1, et seq.; |
| 34.46 | Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Va. Code § 59.1 196, et seq.; |
| 34.47 | Defendants have engaged in unfair competition or unfair, deceptive acts or fraudulent acts or practices in violation of Wash. Rev. Code § 19.86.010, et seq.; |
| 34.48 | Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of W. Va. Code § 46A 6 101, et seq.; |

| | |
|---|---|
| 34.49 | Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Wis. Stat. § 100.20, et seq.; and |
| 34.50 | Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Wyo. Stat. § 40 12 100, et seq. |
| 35 | Plaintiff and members of the proposed Class were injured by Defendants' conduct, which created artificial demand for Toyota automotive vehicles at a premium price, in other words, consumers did not get what they bargained for. As a direct and proximate result of Defendants' unfair methods of competition and unfair or deceptive acts or practices, Plaintiff and the proposed Class have suffered actual economic loss by paying for Toyota vehicles at a premium price. It is clear that a car with a potential defective acceleration pedal is worth less than one with no concern over potential defective acceleration pedal. In the absence of Defendants' conduct, Plaintiff would have purchased alternate brands of automotive vehicles available at significantly reduced cost. |
| 36 | Plaintiff and the proposed class members are entitled to actual damages, estimated at $1,000,000,000,000, or more, attorneys fees and costs pursuant to Fla. Stat. § 501.211(2). |

### COUNT II - - BREACH OF EXPRESS WARRANTY

| | |
|---|---|
| 37 | Plaintiff re-alleges paragraphs 1 through 26 and further alleges: |
| 38 | Defendants expressly warranted that Toyota automotive vehicles were merchantable and fit for use for particular purposes. |
| 39 | Defendants' automobiles were unfit for the particular purposes for which they were manufactured, marketed and/or sold. |
| 40 | As a direct and proximate result of Defendants' breach of the implied warranty of fitness for a particular purpose, Plaintiff class has been damaged, estimated at $1,000,000,000,000, or more, as a result of the diminished value of the Defendants' products. Plaintiff is entitled to damages, including the diminished value of his automobiles as a result of the defective accelerator pedals that are affected by the instant safety recall, in addition to any costs associated with purchasing safer vehicles, incidental and consequential damages, and all other damages allowable under law. *See, e.g.*, Fla. Stat. §§ 672.711, 672.712, 672.714, 672.715, 672.721. |

## COUNT III -- BREACH OF IMPLIED WARRANTY

41.  Plaintiff re-alleges paragraphs 1 through 26 and further alleges:

42.  Defendants impliedly warranted that Toyota automotive vehicles were merchantable and fit for use for particular purposes.

43.  Defendants' automobiles were unfit for the particular purposes for which they were manufactured, marketed and/or sold.

44.  As a direct and proximate result of Defendants' breach of the implied warranty of fitness for a particular purpose, Plaintiff class has been damaged, estimated at $1,000,000,000,000, or more, as a result of the diminished value of the Defendant's products. Plaintiff is entitled to damages, including the diminished value of his automobiles as a result of the defective accelerator pedals that are affected by the instant safety recall, in addition to any costs associated with purchasing safer vehicles, incidental and consequential damages, and all other damages allowable under law. *See, e.g.,* Fla. Stat. §§ 672.711, 672.712, 672.714, 672.715, 672.721.

## COUNT IV – UNJUST ENRICHMENT

45.  Plaintiff re-alleges paragraphs 1 through 26 and further states:

46.  Count V is pled in the alternative to all contract-based and negligence-based causes of action.

47.  Defendants had knowledge of the safety defect of select automotive vehicles.

48.  Defendants failed to disclose the design defect of Toyota automotive vehicles to Plaintiff and Members of the Class either at the time of purchase or anytime thereafter prior to the recent recall.

49.  During the class period, Plaintiff and Class Members conferred upon Defendants, without knowledge of the safety condition affecting select models, payment for these vehicles, which are benefits that were clearly non-gratuitous.

50.  Defendants accepted or retained the non-gratuitous benefits conferred by Plaintiff and the Class Members despite their knowledge of the defects affected the select automotive vehicle models. Retaining the non-gratuitous benefits conferred upon Defendants by Plaintiff and the Class Members under these circumstances is unjust and inequitable.

51  Defendants' retention of the non-gratuitous benefits conferred by Plaintiff and the Class Members is unjust and inequitable, and Defendants should pay restitution in the manner established by the Court, in addition to any other equitable remedy the Court may choose to impose.

## COUNT V -- PUNITIVE DAMAGES

52  Plaintiff re-alleges paragraphs 1 through 56 and further alleges:

53  Plaintiff reserves the right to amend the complaint to add punitive damages upon obtaining record evidence to demonstrate that Defendants intentionally pursued the above-described course of conduct despite their actual knowledge of the wrongfulness and high probability that Plaintiff would incur substantial monetary damages in selecting Toyota over alternate brands of automotive vehicles.

54  Plaintiff reserves the right to amend the complaint to provide record evidence that Defendants' above-described conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of all individuals that purchased the automotive vehicles affected, including Plaintiff, and entitlement to punitive damages, pursuant to Fla. Stat. § 768.72.

## COUNT VI – FEDERAL CONSUMER PROTECTION

55  Plaintiff re-alleges paragraphs 1 through 26 and further states:

56  Defendants have violated federal consumer protection statutes, including but not limited to 15 U.S.C.A. § 2304, *et seq.*, (Magnuson-Moss Warranty Act).

57  Defendants had knowledge of the safety defect of select automotive vehicles.

58  Defendants failed to remedy the defect or malfunction after a reasonable number of attempts by some members of the Plaintiff class to repair such defect.

59  Pursuant to 15 U.S.C.A. § 2304(a)(4), Defendants are required to replace the vehicle or return the purchase price of the vehicle if Defendants fail to remedy the defect or malfunction.

## DEMAND FOR TRIAL BY JURY

60  Plaintiff demands trial by jury.

Respectfully Submitted on this 2nd day of February, 2010.

*/s/ Tim Howard*

Tim Howard, Esq., J.D, Ph.D.
Florida Bar No.: 0655325
Howard & Associates, P.A.
John Rimes, Esq.
8511 Bull Headley Rd., Ste. 405
Tallahassee, FL 32312
ptim@aol.com, ti.howard@neu.edu
rimesjohn@aol.com

Norwood S. Wilner, Esq.
Florida Bar No.: 222194
Stephanie Hartley, Esq.
Florida Bar No.: 997846
Wilner Hartley & Metcalf
3127 Atlantic Blvd., Ste. 3
Jacksonville, FL 32207
(904) 446-9817
nwilner@whmlegal.com
shartley@whmlegal.com

Stephen A. Sheller, Esq.
Sheller, P.C.
1528 Walnut Street, 3rd Floor
Philadelphia, PA 19102
(215) 790-7300
sasheller@sheller.com

Richard A. Daynard, Esq., Ph.D.
360 Huntington Avenue
Boston, MA 02115
(617) 373-2026
r.daynard@neu.edu

Edward A. Broderick, Esq.
The Law Office of Edward A. Broderick
727 Atlantic Avenue, Second Floor
Boston, MA 02111
(617) 738-7080 office
ted@broderick-law.com

James F. Haggerty, Esq.
The Law Offices, of James F. Haggerty
45 Broadway, 31st Floor
New York, NY 10006
National Toll Free: (866) 960-8648
Fax: (646) 619-4324
www.jamesfhaggerty.com

Neil S. Sader, Esq.
The Sader Law Fir
4739 Belleview Avenue, Ste. 300
Kansas City, Missouri 64112-1364
(816) 561-1818
nsader@saderlawfirm.com

Douglas Lyons, Esq.
Lyons & Farrar, P.A.
325 Calhoun Street
Tallahassee, FL 32301
(850) 222-8811
doug_lyons@comcast.net

Eddie Farrah, Esq.
Charles Farrah, Esq.
Farrah & Farrah
10 W. Adams Street
Jacksonville, FL 32202
(904) 807-3112
efarah@farahandfarah.com
cfarah@farahandfarah.com

Larry Gornick, Esq.
Levin, Simes, Keiser & Gornick, LLP
44 Montgomery St., 36th Floor
San Francisco, CA 94104
(877) 575-4529
(415) 981-1270
lgornick@lskg-law.com